IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IRON OAK TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-cv-999-RP |
| | § | |
| DELL, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Dell, Inc.'s ("Dell") Partial Motion to Dismiss for Failure to

State a Claim. (Dkt. 19). In its motion, Dell asks the Court to dismiss Plaintiff Iron Oak

Technologies, LLC's ("Iron Oak") claims for contributory patent infringement. (*Id.* at 5). Iron Oak

responded by filing an amended complaint. (*See* Resp. Mot. Dismiss, Dkt. 23, at 2; Second Am.

Compl., Dkt. 24). Having reviewed the parties' filings and the relevant law, the Court finds that

Dell's motion should be granted.

## I. BACKGROUND

Iron Oak filed a complaint on October 18, 2017, in which it alleges that Dell directly and

indirectly infringes United States Patent Nos. 5,699,275 (the "'275 patent") and 5,966,658 (the "'658

patent"). (Compl., Dkt. 1). Dell responded to Iron Oak's original complaint with a partial motion to

dismiss pertaining to Iron Oak's induced and contributory infringement claims. (*See* First Mot.

Dismiss, Dkt. 10, at 7). Iron Oak responded to that motion by amending its complaint as a matter of

course under Federal Rule of Civil Procedure 15(a)(1)(B). (*See* Resp. First Mot. Dismiss, Dkt. 14, at

1; Am. Compl., Dkt. 15). Like the original complaint, the First Amended Complaint alleged claims

for direct, induced, and contributory infringement of two patents against Dell. (Am. Compl., Dkt. 15).

Dell then filed another partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this time pertaining only to the contributory infringement claims in the amended complaint. (*See* Second Mot. Dismiss, Dkt. 19, at 5). Iron Oak responded by asserting that Rule 15(a)(1)(B) permitted it to amend its complaint again as a matter of course and filing another amended complaint. (Resp. Mot. Dismiss, Dkt. 23, at 2; Second Am. Compl., Dkt. 24).

## II. SECOND AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(1) provides that a party "may amend its pleadings once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). Rule 15 "allows a party to amend his pleading only once as a matter of course." *Carson v. Polley*, 689 F.2d 562, 583 (5th Cir. 1982). After amending once as a matter of course, a party "may amend . . . only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Iron Oak amended once as a matter of course when it filed its First Amended Complaint. (Dkt. 15). Having done so, it may only amend its complaint again upon receiving the opposing party's written consent or the Court's leave. Because Iron Oak obtained neither before filing its Second Amended Complaint, the Court must strike that pleading. The Court will consider Iron Oak's response to Dell's second motion to dismiss as a request for leave to file a second amended complaint. (Resp. Second Mot. Dismiss, Dkt. 23, at 2).

## III. MOTION TO DISMISS

### *A. Legal Standard*

In patent cases, regional circuit law applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Although

Form 18 of the Federal Rules of Civil Procedure is relevant to the sufficiency with which a direct infringement claim is pleaded, *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013), the general principles of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), must be applied to indirect infringement claims. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Accordingly, Iron Oak's First Amended Complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the Court "accepts all well-pleaded facts as true" and "view[s] them in the light most favorable to the plaintiff," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotation marks omitted), "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. Discussion

Dell argues that Iron Oak's contributory infringement claims should be dismissed because Iron Oak fails to plead facts that would plausibly establish several elements of a contributory infringement claim under 35 U.S.C. § 271(c). (Second Mot. Dismiss, Dkt. 19, at 2–5). A party is liable for contributory infringement if it (1) "offers to sell or sells a component of a patented machine . . . or a material or apparatus for use in practicing a patented process" that (2) constitutes "a material part of the invention," if (3) the party knows the material or apparatus "to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or

commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c); *see also Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) ("In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses.") (citation and internal quotation marks omitted). Dell argues that Iron Oak's amended complaint does not identify the "component" that contributes to the infringement of its patents and that it makes no more than conclusory allegations that the unspecified component(s) have no substantial noninfringing uses. (Second Mot. Dismiss, Dkt. 19, at 3–4).

The Court agrees with each of Dell's positions. First, Iron Oak's amended complaint does not identify the component, material, or apparatus that allegedly contributes to the direct infringement of either patent. (Am. Compl., Dkt. 15, at 4, 7). Second, Iron Oak's conclusory allegation that "[t]he components provided by [Dell] are not staple articles of commerce suitable for substantial non-fringing use," (*id.*), is no more than a "threadbare recital" of one of the elements of a contributory infringement claim. *Iqbal*, 556 U.S. at 678. Because the amended complaint fails to allege facts that, if true, would state a plausible claim for relief, the Court will dismiss Iron Oak's contributory infringement claim for each patent.

Iron Oak has requested leave to amend. (Resp. Second Mot. Dismiss, Dkt. 23, at 2). Rule 15 favors giving leave to amend, and so the Court will permit Iron Oak to amend its complaint again. *See Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) ("[Rule] 15(a) requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.") (citation and internal quotation marks omitted).

## IV. CONCLUSION

For these reasons, the Court **ORDERS** as follows. Iron Oak's Second Amended Complaint, (Dkt. 24), is **STRICKEN** from the record and the Court's docket. Dell's second partial motion to dismiss, (Dkt. 19), is **GRANTED**. Iron Oak's contributory infringement claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Iron Oak's motion for leave to amend its complaint, (Dkt. 23), is **GRANTED**. Iron Oak shall file an amended pleading, if any, within **14 days** of the date of this order.

**SIGNED** on April 4, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE